IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael E. Murray, Sr., ) | Civil Action No.: 2:13-1825-JFA-WWD |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden MacDougal Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, proceeding pro se and in forma pauperis, brought this action seeking relief pursuant to 28 U.S.C. § 2254. On July 18, 2013, Judge Hendricks issued an order providing, *inter alia*,

> You are ordered to always keep the Clerk of Court advised **in writing (P.O. Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

(Dkt. No. 6 at 2 of 2.)

On June 5, 2014, the case *sub judice* was reassigned to the undersigned, and the Clerk of Court mailed the Notice of Change of Case Number to the Petitioner at his last known address:

> Michael E Murray, Sr
> 321518
> MacDougall Corr Inst
> 1516 Old Gilliard Road
> Ridgeville, SC 29472

(Dkt. No. 23; Dkt. No. 24.) The envelope containing this order was returned to the Court

marked "Return to Sender No Longer at This Address." (Dkt. No. 26.)

On June 26, 2014, the undersigned issued an order that stated, *inter alia*,

> Petitioner was advised by the order dated July 18, 2013, of his responsibility to notify the court *in writing* if his address changed. (Dkt. No. 6.) He has not done so.
>    IT IS ORDERED that the Petitioner shall have through **July 7, 2014**, in which to advise the Clerk of Court in writing (P.O. Box 835, Charleston, South Carolina 29402) of his new address. The Petitioner is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice.*

(Dkt. No. 27.)[1] Despite the warnings in this order, and Judge Hendricks' order dated July 18, 2013 (Dkt. No. 6), Petitioner failed to respond, and has not provided the Court with a valid, updated address.

Based on the foregoing, it appears the Petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir.1982). See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2]

---

[1] This order was returned to the Clerk of Court marked: "Return to Sender No Longer at This Address." (Dkt. No. 29.)

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of

                                                    */s/ Wallace W. Dixon*
                                                     WALLACE W. DIXON
                                                     UNITED STATES MAGISTRATE JUDGE

July 15, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).